v. Michael Palmer, also known as Tony, also known as not also known as James at balance. Mr. Zucker for the balance, Mr. Smith for the Apple. All right, Mr. Good morning, and you're operating under a disability here but we can see you, and hopefully we can continue to hear you. Very well. Can we start now, Judge? Can you hear me? Yes, please. Great job. Jonathan Zucker on behalf of the appellate may please record request eight minutes for rebuttal. In this case, if I'm inclined to submit on the 2255 issue and just argue the first step issue. And I think if we, what I think has to be conceded right away and acknowledge is that the decision at issue here was issued prior to the US versus white decision and the US versus white decision substantially changed the landscape here. If that had been in effect I don't think Judge Lambert's decision would have issued as it did in this case, as the government concedes the decision reflects an error of law. And I suggest that it's fatal to the decision and the court is required to remand this case back to Judge Lambert's reconsideration consistent with the decision in white. What about his alternative ruling he said, in effect, if I'm wrong about his ineligibility. I deny it in an exercise of my discretion. Well, I don't think that's the same as an exercise of discretion. And I think if we look very carefully at his decision, he made that clear. He says on page 10 of his decision section 3553 lays out factors to be considered in imposing a sentence sentence, which is precisely what the court declines to do. And he acknowledges that he's declining to apply the 3553 factors and then he says, even if this court were to consider the 3553 factors. I think that's a long way from saying he has applied the 3553 factors which is what is required here. So Mr. Zucker just just just to be clear, so is your, your, the basis for your argument that we have to remand the court's failure to consider the 3553 factors or are you also saying something about the prior paragraph on page 10, where the court seems to be Setting out analysis that is similar to what I think you're talking about when you say there has been an error under white Well, I think it's both. It's a he failed to apply them be if he applied them. He did so as a strong decision says if you are a decision that's based on an error of law. Indicates an abuse of discretion. And that's what he did here. He, to the extent he did apply them and I and I think we have to take him in his word that he didn't apply the 3553 factors. But to the extent he did he did so under the misconception that a defendant was convicted of a crime that requires Life without parole, because of the 8.4 versus 1500 grams disparity judge Lambert said that even if I were to consider it, he does not get consideration because even if the 8.4 was was in effect at the time. This man has has in the in the words of judge green distributed hundreds or this conspiracy distributed 100 to 200 kilos and that simply was not a finding that was made. That was an offhand comment by Judge green, but it is not one that satisfies the requirements. Based on weight, you have to be sentenced based on what you're convicted of. And what he was convicted of was 1500 grams or more, which puts them in the 20 to life category. And that's where Judge Lambert's error lies. And in fact, I'm sorry, can I can I just be clear about. So, the error you're saying is that you do not believe that in the exercise of Judge Lambert's discretion. He understood that after the first step act, the new mandatory minimum was 20 years as applicable to. That's, that's certainly correct. Yes, that's absolutely part of the error. The other error was he thought that Mr Lambert because I'm not Mr Lambert that Mr Palmer had been convicted of the greater offense, therefore, the sense would have been the same. I mean, he says in his decision, there's no disparity between what he was convicted of in whenever it was and what it will be applied to today and that belief that there was no disparity is based on his mistaken assumption that it would have been over the 8.4. But what is clear from the white decision is that he was convicted of the 1500 grams and it has to go back for reconsideration on that and and his statement that even if I were to apply. It would be the same sentence reflects his mistaken belief that the, the greater offense level what we call I think the super CCE 8.4 would have been applicable would you clearly is not based on white decision. All right, let me just clear up because you, I think you said in response to my question. He did not exercise his discretion on page 10 of his order. He says, even if Palmer were eligible under the First Step Act, via the rule of lenity or on the merits the court would not in its discretion, grant his motion for a reduced sentence, and then goes on, and finally, does talk about the 3553 factors, particularly the post conviction factor of rehabilitation and ways that against the minuses in his post conviction behavior. So, I don't know how you can say he didn't. Maybe I misunderstood you that he didn't exercise his discretion. Even what I'm saying is he didn't exercise discretion, because he was operating on under an error of law that life without parole was still applicable, based on the conviction. Now certainly he has discretion to impose a life without parole sentence, but he operated on under that mistake. And additionally, I think we have to take him at his word where he says, I'm declined to consider it. I'm declined to consider the 3553 factors, but even if I were is not really synonymous with saying I did consider them. And I think when we look at his decision. It's clear he hasn't considered some of them he hasn't considered. For instance, he considered and made a passing reference to the letters of support from family and friends, but he did not consider all of the post conviction rehabilitation that Mr. Palmer had done he did not consider the change in law he did not consider the social science materials that were presented to him indicating that the the senselessness of, or the inability of these prolonged incarcerations to result in really a reduction of crime. Can I be a little, I think we have to drill down just a little bit more, because given that there was not a hearing here. I think it's unclear as to what he considered the, it seems to me that you're suggesting that he didn't consider certain things and I guess that's true that he didn't mention them in the written decision, but is it true that we don't know that he is it true that we know for a fact that he did not consider those other things. I think we can say that we certainly can't speak with fair assurances that he has considered them and I think the shore decision in the brief that we cited that talked about, based on the silence we can infer that it was considered but I think the primary thing, the primary condition that he did not consider them. Well, I guess it's two things a doesn't mention them. And there is no hearing where they would have been presented to him. Be he was operating the whole time under a mistake of law that this would have should have been a life without parole sentence, regardless of the first step back that that was just a mistake on his part. And so I think because we cannot say there's an issue that he did really consider them and he says, even if I were that's not the same as doing it. I think in fairness, we have to remand this case or this case should make those considerations. You're, you're picking out portions of the very last paragraph before his conclusion says the court has carefully considered the impressive supportive letters the court has received from Palmer's family friends, family members and friends. I don't see. He said carefully considered the impressive supportive letters that tells me he's read them. I don't doubt that he's read them. I'm sorry, I didn't mean to cut you off, but I don't doubt that he's read them, but he hasn't considered them. I think there's no support in the record for saying that he's considered for instance all the post conviction rehabilitation that was done here, which is substantial. I mean this man did several drug rehab programs, you've got an OSHA certificate. He was on suicide watch. Let me make sure I understand you this point if if he doesn't mention something he doesn't mention suicide watch them the opinion is inadequate and has to be remanded for further consideration. I don't think we could splice the salami that same judge to say if he leaves out one fact, however, the complete absence of a discussion of any rehabilitation and any post conviction rehabilitation, the complete absence of any discussion of the social sciences literature, and the complete absence that he ever considered that the correct sentencing exposure for this man was 20 to life, not life without parole, all of us under all of which undermines confidence that there was an exercise of discretion here that was meaningful. And, let me ask you, why would he. This is a, we know, this is a, do we know what these letters from family and friends said, I mean for all we know, they pointed out his rehabilitation efforts and his suicide watch and so forth. Do we have those letters. In all candor I do not recall off the top of my head what they said I think they are, and I can't remember if they're part of the record judge, but I think, I think we have to ask a similar Zucker before you go on, I had understood that it was not just letters from family and friends that he was presented with. At one point, it seemed as though there were at least some letters at least one letter from corrections officials as well. I think there were several letters from corrections officials and from people who would supervise him in various programs he was in I remember one in particular was, was the, which is referenced in our brief, I forget the name of the program. What are the program or more than half the people don't successfully completed. This notion of the language saying letters the court has received from family members and friends could be under inclusive in terms of the letters that he actually received the court. It's certainly, yes, most assuredly has to be if always mentioning his family and friends, and we know there are letters from people within the Bureau of Prisons, supporting him and testify or giving testament to his rehabilitation and I think, you know, we would be overly we do have, we do have the letters are in the record. And they do mention his efforts of rehabilitation. One of them and they are beyond letters from family and friends is a letter from 53 j 53 is from the drug treatment specialist so apparently there's Lambert was fully informed. Well, I'd still say that if his discretion is being exercised based on a mistake of law. It has to be remanded for that reason. And there is no indication. I mean, there's clear indication that he was operating under the assumption that this was a life without parole mandatory sentence, not a 20 year to life statutory exposure rate. I don't see how that can can affect can benefit your position here because he's saying, even under the misapprehension that the greater sentence was still available or and I should say maybe required. He said he still wouldn't, he would not have reduced the sentence. So I'm not sure why you have a point here in saying that he didn't realize he could because he would have been required to realize he could and that he had the discretion and the essence of saying, I believe this is a an appropriate life without parole sentence and it's mandatory, because the 8.4 benchmark has been exceeded indicates that he was, he was operating on the under an incorrect belief of what the law should be. Mr Zucker isn't that our, our holding essentially in white. I mean, aren't we in the same scenario as the white case where the court, who is doing this analysis has to be adequately or sufficiently apprised of what the range is what the actual law is and the fact that he thinks or says, I probably wouldn't change my mind in any event, seems like it's not sufficient and white we remanded, even though it was a very similar situation in which the court need we said the court needed to know that the relief was available, even if in his discretion he would not have reduced the sentence or whatnot it was still a procedural error that that we remanded for in white, isn't this the same situation. I think white is on all fours in this case, I think it's almost it's virtually identical. It's a different, it's a different statute of conspiracy versus CCE, but it is the exact same scenario. The court was confronted in white, and it should result in the exact same remedy of a remand for reconsideration, based on what the law is and an actual exercise and discretion on what the 3553 a factors were not that even if I would do the same. So yes, I agree 100% with your, with the premise in your question judge that that white is on all fours, and this case needs to be remanded to be consistent with white to do so, to do otherwise would be would be error. All right, if there are no more questions we'll give you a couple minutes and reply. Mr. Thank you, Your Honor. Good morning and may it please the court, Peter Smith, on behalf of the United States. Appellant's first step back claim. The appeal of his first step back claim is untimely and in any event that claim lacks merit, and I'd like to go through the arguments in the order that appellant presented them this morning. Appellant first argued citing a few, a sentence or a term of phrase in the district court's opinion that it wouldn't consider the 3358 33535 53 a factors. And what it actually what the court actually said was that it did not agree that a reduction is warranted. This is on joint appendix page 147, and it said, section 3553 a lays out the factors. What the court was referring to was that it was not going to reduce appellant sentence but even if appellant's reading of that phrase is correct. The court goes on to apply those factors. In addition, before that, on joint appendix page 146, the district court made clear that the earlier part of its ruling which concerned eligibility. It recognized that it may be wrong about that ruling. So the court said at the beginning of the section of its order that despite the court's suspicions of the popular interpretation of 404 a meaning whether appellant was eligible for the reduction at all. It need not incorporate that issue into its holding. So, the district court is expressly saying that there wasn't any sort of spillover from Mr. Smith, even though he may have said that as sort of prefatory language on page 147 in the paragraph that I'm actually most interested in, which begins, even if Palmer were eligible. He seems to import the erroneous consideration of the amount, the actual amount of the drugs, rather than what white says one has to do now in fairness white came later so he wasn't rejecting this courts, holding in that regard, but in this world that we I'm, I'm concerned that the court actually did make the same kind of analysis in the context of his discretionary review and that that is procedural error under white. So can you speak to that. I can I have two responses your honor. First of all, under why I think it was entirely appropriate for the court to consider the large quantity of drugs that appellants conspiracy distributed more than 150 kilograms was the district court's finding white makes clear that the court can consider various factors and it says may consider. It doesn't require the court to consider any particular factor, it says, I just be clear so your, your suggestion is that in exercising discretion. The district court did not have to have an accurate assessment of what the actual mandatory minimum was, doesn't he have to even if he considers various factors, and I agree that he could consider the actual amount of drugs as a part of his discretionary Don't we say in Lawrence, and isn't it the case that the district court has to have the correct baseline in terms of an assessment of what the actual mandatory minimum is I guess my response your honor is that this isn't a de novo sentencing. So, the law that says that the district court's got to start out with properly calculating the current guideline range is not applicable. I do not read I'm sorry I'm not talking about the guidelines, I'm talking about the statutory mandatory minimum. When a court exercises their discretion to determine in this case whether to reduce a sentence that is has been previously imposed, and they're at this moment, doesn't he have to assess that I, I guess my answer is, it seems like it should be yes but I think that the what the court was doing here. And so maybe I guess I'll answer it this way what the court was doing in that section of the order. The court is identified was saying that were appellant to be tried today, he would have been charged on the basis of this larger quantity of drugs. No, no, wait, can I I'm sorry before you do, I don't want to. I'm not asking you what Judge Lambert was doing, I'm asking you a principle of law. When the court undertakes to exercise discretion of this nature to determine whether or not to reduce a sentence or change a sentence under the Fair Step Act. Haven't we said and isn't it the law that as a procedural matter they have to know and consider what the mandatory minimum is the new mandatory minimum. How could he possibly exercises discretion as without knowing right there's been a change in the law, the mandatory minimum has shifted. I know it's now 20 years for example, but I've decided in the exercise of my discretion I'm going to give him the same sentence doesn't have to know that first part about what the new mandatory minimum is. I mean I'm not sure about that because of the way white is written it says that it, the court may consider that factor. I'm talking about Lawrence, I'm talking about Lawrence, which, which is a more recent case in which we discussed the procedural requirements. If I can find it here. Under the, and under the first step back, you're talking about under the first step back and not. I can find it. I mean I just don't, I don't understand, I mean I understand the court's point and I guess it would be helpful to move on. I, this court in its 2017 opinion, recognize, I'm sorry to interrupt you I found Lawrence, and it says to that in the district court must consider all relevant factors, including not only the factors outlined in 3553 a but also, but potentially also new statutory minimum or maximum penalties. So, it seems to me that the law is really clear that he needed to understand accurately what the new statutory minimum penalty was and exercise his discretion in light of that baseline. And if I'm right about that, where in this opinion. Is it clear that he actually did understand that there was a new statutory minimum penalty as a result of the first step back. Well, I think it's clear because appellant is urging him to apply that new the new minimum, and the court is rejecting that argument, and the court is rejecting that in terms that suggests that he believes that there is no difference. That's the problem right he's rejecting it. I think, not because he, you know, appreciates the difference but it seems from this language in the paragraph that I'm talking about that the court says no no no. Mr Palmer, I'm rejecting it because it would make no difference. There's no difference in the mandatory minimum under this circumstance. Yeah, I know about that why isn't that procedural error that needs to be corrected on remand. Right, I understand the course point. I think that what Judge Lambert is saying is that he's in his exercise of discretion he's saying that he can consider the fact that if appellant were tried today, he would have been charged with a larger quantity, and he would have gotten the same sentence. Okay, but he doesn't say that in this opinion either. Number one, I don't see anything about if he would have been tried. Today, he would be charged and white forecloses that as a possible basis in in white, we say very clearly that the whole point the reason why you go to the statute, and you figure out the amounts in the statute is because the court can't get in a time machine and figure out what, you know, would have been charged during the time. So if you're resting on that argument I don't, I don't know that it gets you very far. I do believe follow up and ask you, Mr. Smith. How do you read the sentence in the paragraph, the judge Jackson is talking about the sentence that flat out says Palmer faces no disparity between the mandatory minimum he was sentenced under, and the one he would have faced. If sections two and three, so forth. Yeah, I, I'm sorry, Your Honor. I believe that in the beginning of the order. The court explains that if upon were tried today he would face the same sentence and I believe that he is in that sentence judge Henderson just read he was referring to that. I was just looking and I don't, I can't find offhand. The part of the order where judge Lambert says that I'd be happy to provide the court with a follow up letter after the argument I do believe that he explains that's why he thinks that that he is saying that that's the mandatory minimum, or that that's the required sentence because if upon were charged today. That's what he would face under because he distributed so many drugs, and if you're right about that if he's referencing back. Isn't that an error I thought the government conceded that after white. He's wrong on that point, not about what would have been charged but he's wrong that you reference the amount that is actually an issue in this case, as opposed to the charging document. Yeah, what the government was saying was that we agree and following white it's clear that a pollen is eligible for relief but the court can still consider and it's discretion that the large quantity of drugs, a pollen distributed. If he were charged with that quantity today would result in the same sentence appellant got back in, you know, in the 1980s, so that there wouldn't be a change and so that's what how could he do that, consistent with white white said, you can't, you know, prosecutors make decisions. There's bargaining decisions, there's no way the court can hypothesize what he would have been charged with. That was the, that was the reason why in white, we stick to the, we stick to the charging document and we don't go into the sort of hypothetical analysis, but your argument keeps coming back to that. And I don't know why your honor I think we need to separate the eligibility determination, which I think is, I would agree with the court that that you can't consider that as to eligibility but on the back end when the court is exercising its discretion it can consider white makes clear that the court may consider the current guideline range, it may consider these different things but it doesn't have to and it may consider may consider what it thinks the hypothesize is that the prosecutor may have done in the future about this. It may consider the hypothetical charging determinations of the prosecutor. I think that it well I think what the court is doing is it's using its discretion, based upon the large quantity of drugs that appellant distributed, and I think that it is within the court's discretion to consider whether what appellant would be charged with today if you were charged today I think that is within within the court's discretion, and I read that portion of white where white lists the various factors, including the 3553 a factors but beyond that. So I would point to that paragraph in the court's decision as allowing Judge Lambert to have done this, and I understand the court's point about hypothesizing, but I think that that portion of white is talking about eligibility, not about exercising discretion in determining the ultimate sentence. The court can't hypothesize in determining whether something is a covered offense, for example, but the court later can think about what appellant would be charged with today, based upon the large quantity and exercise of discretion. So from from your review of the opinion, where, where do you see the kind of hypothesis, you're talking about is it in the sentence that Judge Henderson read because he does not say as far as I can tell that what I'm doing is hypothesizing what he would have been charged with today. I think that in Judge Lambert's order that's in the earlier part of his order where, where is the ability part you can't have it both ways. So where does it here. I think he's, I think that read as a whole he's referring back to that but I understand your honor's point he doesn't say that in that sentence. But I think he's referring back to the same heuristic that he used before, which is to say, what would appellant be charged with today based upon this huge quantity of drugs. Okay, so can I just see that your time is short, can I get just a clear answer on whether it's the government's position that the district court in this case, had to know and understand that there was a change in the law with respect to the mandatory minimum, not court to make this kind of determination, with a mistaken understanding of what the mandatory minimum is, I have to review Lawrence, Your Honor, and I'm happy to file a letter with the government's position my understanding up till now, in preparation for this argument was that, unlike a de novo sentencing the court didn't have to. It could consider, you know, for example, the properly calculated guideline range and I understand your point about the statutory mandatory minimum versus the guideline range but in preparation for the argument. I thought that the court can consider these things but doesn't have to and that that is what the decision is saying and I understand your point about subsequently decided cases and I'm happy to provide a letter to the court to. And also about white right I mean Mr Zucker and I were talking at the end about whether this case is white, meaning white remanded, because it appeared as though the district that the penalty range had been modified by the Fair Sentencing Act, and the district clearly the court didn't know or didn't say or whatnot, that this discretion existed. Right. And that was the basis for the remand that's why we sent it back, regardless of whether or not that's not right. Yeah. Because we cannot determine whether the district court gave any consideration to the mitigating evidence presented by the appellants in this case, the case must be remanded. Okay, but before that on pages, 86 through 86 and 87 we're talking about statutory benchmarks that have an anchoring effect on the sentencing judges decision making, and there were modified penalty ranges that the district court did not take into account. The Fair Sentencing Act would have altered the statutory penalties. The district court had that relief. But he did not indicate that he knew that and we can't and this was the reason why we had to go to the, to the, to the charging document. I mean we'll go back and take a look at white, but it seems to me that white was about whether the district court had discretion to consider it, and that part of the white remand was that the court did not recognize that. If I may, Your Honor, my, my response is, I think that the remand and white was driven by the fact that, unlike in this case, this court could not determine whether the district court had looked at the proper factors at all. And in sentencing cases, as long as it's clear to this court that a district court has, for example, applied the 3553 a factors, even if it doesn't mention each one of them as long as it's clear that it's applied them and it knows that those are the factors it needs to apply, that is procedurally sufficient, and that the error in white and what caused the remand was that this court could not determine at all, whether the court had looked at evidence of rehabilitation. For example, and here, this case is different for the reasons that you discussed earlier with appellants counsel, that is that the court expressly said it had considered these letters, the court expressly considered appellants evidence and that was part of its order. And that was not the case in white, this court said clearly in white that it was remanding because it could not determine at all, whether the district court had looked at, at the evidence of rehabilitation and that distinguishes this case from white, but but don't we have the issue that Mr Zucker raised about whether or not the court considered rehabilitation while incarcerated. We have letters from families and friends, the court mentions on page 11, and the court talks about Mr Palmer's conduct while incarcerated, the aggravating aspect of it. But there's no mention of any of the rehabilitative efforts in, in prison so what, what do we do with that, are you saying that's not sufficient for remand. Correct, I'm saying that the court need not remand in this situation because the court said it's carefully considered appellants evidence of rehabilitation, the letters provided the letters included letters of family but be and went beyond that. And this court's cases in sentencing cases suggest that a remand would not be warranted for two reasons. First of all, the court has a great deal of discretion in making sentencing decisions and cases like lock, say that as long as the court. The court doesn't have to mention for example every 3553 a factor. This is because there's context was locked was there a hearing in law. What I'm worried about is that whether you're relying on on whether you're relying on cases that in which there was a hearing. And therefore, this court takes into account the fact that the district court actually did consider because there were arguments and evidence presented and we have a transcript and all of that. In this situation, there wasn't a hearing so we're only going with what the court actually said it considered I think. And I don't know whether we can assume that it considered things beyond what it actually said in this in this document. Right. And I think my response is that's not required the court need not mention every single factor it considered what this court looks to is whether it considered the proper factors at all. That is, whether it knew that it was supposed to apply the 3553 a factors and did whether it considered appellants arguments at all. It doesn't have to mention every, every single factor. I guess I'm not, I'm not suggesting that it has to mention every factor but something like rehabilitation. During prison, when the court mentions that during prison he received sanctions for disciplinary infractions, and there's no other indication that the letters from the actual correctional officials were considered by the court. I think that when I mean if he addresses one factor, but not fully. He says only the aggravating things related to it and not the mitigating things does, does that change your argument. No, because, and I don't think that's what the court did here, in any event, because the court said it carefully considered the letters letters. Sorry, it says letters from family members and friends. Right, I'm talking about the rehabilitation correctional officials letters, they're not mentioned here, right, but they are in the record and they were part of the pleadings that the court considered and I think those fall into the category of, for example, mentioning that the court applied the 3553 a factors but not mentioning every single factor. That is something that this court has repeatedly said is permissible. So I don't think that the courts required to go through every piece of evidence that appellant argued or presented and list those in order for its decision to be procedurally sound or in order to not warrant a read in order to not warrant a remand. I don't think that I think there is no procedural requirement that the court list all of the evidence and the evidence that your honor mentioned is in the record, it was, you know, they're attached to the to the question I think Judge Jackson originally had from white, and that is this, your argument is that white is different because the judge there didn't consider the 3553 factors. I think Judge Jackson is saying at least if she's not I am that Judge Edwards was very careful to set out how we analyze this new statute, and he said not once but several times I don't have it in front of me that we don't look at the judge found to look at the statutory mandatory minimum back then. Now, Judge Lambert did not do that. So, even though he did not make the mistake that the trial judge made in white.  Under whites description of, you're not arguing that that he that white is wrong about the statutory mandatory minimum being the baseline, I don't think, but I want to get clear. If you're not arguing that. Are you arguing that when Judge Lambert did not use that. And we know that because he said there's no disparity. This is harmless error. I'm not exactly arguing it's harmless I guess I my argument is that he understood, because appellant was making this argument so he understood that argument and he understood the range that he that the defense was urging him to apply, but he didn't agree with it. And in his defense, this was before white, so he interpreted it a different way and the white comes along and says, Nope. This is what this statute says and this is what it means. Oh, I understand that your honors point and I think that what Judge Lambert was doing was to say I understand the defense argument, and to make a different point in exercising his discretion, which is, I'm also permitted to consider the vast quantity of drugs the this is the way I interpret Judge Lambert's order. So, I hear what the defense is arguing, but I reject it in my discretion, because if appellant were tried and convicted today the government would have charged him with a higher amount and he would have received the same sentence. So, and I understand the court's point about that sentence, and my responses, I think, earlier in the opinion. Judge Jackson, could you take over for just a minute. Yes, yes. Thank you, Mr. Smith. The only question that I'm struggling with in your way of framing what you think Judge Lambert's was saying is that I still think you might have a white problem, because in that case, it says, a court cannot determine using judge or jury found drug quantities what effect, the Fair Sentencing Act would have had on a defendant's sentence. They go on to quote the Third Circuit, you can't account for the discretionary authority of the prosecutor or court. So even if Judge Lambert was doing what you're saying that he was saying in the exercise of my discretion. I'm determining that there would be no difference because the government would still have charged him with the 8.4 in light of the actual amount. I don't know how you can square that with what this court has said about what the First Step Act requires and the only thing I hear you say is, it's because you think that analysis is confined to the eligibility part of it. But I don't, I don't know why that's why that should be the case, if in the discretionary determination, you have to get the baseline right. You separate those two out. But I think the linchpin is the very first question that I asked you, which is when you're making a discretionary determination. Do you have to have an accurate assessment of what the law says about the mandatory minimum? When a court is making a discretionary determination, it has to understand what it's choosing between. So that is true. But White also says, and this is where I was saying before, I'm a little confused about this. White also says when the court is exercising its discretion, it may consider the new guideline range, but it doesn't have to consider that. What we say in Lawrence, Lawrence is a 2021 case. And I'm looking at page, I guess, 415, 1F4. Oh, wait, I don't know where I am. Sorry. Page 43. We talk about what it is that the district court in a First Step Act situation has to consider. All relevant factors, the new statutory minimum or maximum penalties, current guidelines, post sentencing conduct, and other relevant information about a defendant's history and conduct. So this seems to me to both undercut what you're saying about maybe they don't have to take into account the new minimum, but also the whole argument about, you know, what does the court have to say with respect to the 3553A factors and mitigating that White is pretty clear. Post sentencing conduct, it says. And so to the extent that Judge Lambert does not indicate in his order that he's actually taken into account the rehabilitative conduct of this defendant while in prison. Isn't that a basis under Lawrence for remand? If he didn't take, I think, the latter part of your question to answer that, I think if the court didn't consider it at all, it would be a basis for remand. And as to the earlier part of your question about the mandatory minimum, I mean, Lawrence does seem pretty clear. As I mentioned before, when I was preparing for argument, I did not look at Lawrence and I was not aware of that. All right, so if I'm right about Lawrence then, you weren't aware of it, wouldn't Judge Lambert had to have indicated in this opinion that instead of saying something sort of cryptic about no disparity between the mandatory minimums, wouldn't he have had to say something like, I understand that the new mandatory minimum post First Step Act is 20 years in light of the Fair Sentencing Act. Nevertheless, because he had 100 kilograms, I mean, you're correct that this was a serious drug dealer. This was a big problem for the community and the like. Judge Lambert could have, I think, said I'm still going to give him the same life sentence in my discretion. But he had to, as a procedural matter, acknowledge the change in the mandatory minimum. I think he had to be aware of it. And so I guess our difference now is just that if the court is aware of something, and this goes back to the point I was making before about cases like Locke and what's procedurally required in sentencing, that as long as the court is aware of it, I don't think that the court is required in the way that a de novo sentencing would require the court to lay out the guideline range as a starting point. I don't think the court is required to start its order by saying, here's the new mandatory minimum, here's the new guideline. I don't think that's a procedural requirement, but I think the court has to be aware of it. And what about this order makes you think he was aware? I don't see 20-year man-men anywhere in this order. Right. And I think it goes back to the argument I was making before, which is that the court doesn't have to articulate every single point if the defense is raising that argument and it's urging the court to adopt that revised the new guideline range, which is exactly what appellant was doing. And the court rejects that and said, for a different reason, it says, look, there was such a large quantity of drugs that blinks reality to just apply the new range. What we need to do is look at what appellant would have been charged with today because of this large quantity. And what I'm saying is that's permissible as an exercise of the court's discretion. Yes, but I guess the question is, is that really what Judge Lambert was doing? And to the extent that there's some confusion about that, let's take a different avenue here. So you read this to incorporate all of the arguments that you just made or all of the statements and analysis that you just made. I'm saying I don't see that here. So if there's confusion about what Judge Lambert did, I've seen cases, our cases where we send it back, we remand for the district court to clarify. Why wouldn't that be appropriate in this situation? Because here you do know that the court was aware of it because the defense was making that argument. I think if the court I think the bottom line is as in white, if this court thinks that the district court is unaware of something or it's not clear at all that the court considered or was aware of something, then remand is warranted. And so the only difference between I think what you're suggesting and what I'm suggesting now is that having rejected defendant's argument for precisely that thing, which is the range that would have applied, the new range that would have applied to the drug quantity found by the jury in appellant's case in the 1980s. Having rejected that, you know that the court was aware of it and did consider it. Except Mr. Smith, in white itself I understood the defense to be making arguments and we still remanded. So your theory of so long as the argument is presented to the court and the court is aware of it, that's enough to count in terms of our assuring ourselves that the court considered it. And it wasn't enough in white, right? I think the court has to acknowledge it and I think the court has here and what I can point to, and I know Judge Henderson pointed to that sentence. What I think the court was saying in that sentence was referring back to what it had said before, which is if appellant were tried today, this is what would happen. So therefore, there is no disparity. So I understand the court's point and I think there is enough on this record to say that Judge Lamberth was aware of how his- Right, but you said aware at one point and then you said but then he has to acknowledge it. So what rule are we to take away from this scenario or what rule are you asking us to fashion? Is it just that if the court was presented with certain arguments by a defendant and therefore he's aware of it, even if it's not mentioned and there's no hearing and it's not mentioned in the actual order, we know he's taken it into account, that doesn't seem consistent with our procedural holdings in a number of cases in which we say the district court doesn't mention it, maybe arguments were made about it, but we need to send it back for clarification. I think the best answer I can give the court is what this court has done previously and by analogy, when applying the 3553A factors, this court has said as long as the court acknowledges the factors or says it's applying them, it doesn't have to go through the factors. It doesn't have to say it's applying each factor. It doesn't have to analyze each factor in its order. It just has to say that that's what it's doing. And I think that there is enough in this order- For that. I think we've got your position. Judge Ginsburg, did you have a question? I was wondering, yes, my question is whether there's any remaining doubt about the issue and what you've been discussing. I think it's pretty clear now. I think the positions are clear. All right. Thank you, Mr. Smith. Mr. Zucker, why don't you take no more than a couple minutes. We can't hear you. Apologize. I think in essence, the prosecutor made an interesting comment. He said, what I think Judge Lambert was saying was that if this case were tried today, he would have been charged differently and the jury would have found that. And I think Mr. Smith is right. That is what Judge Lambert is saying. But that's what White tells us cannot be done here because you cannot look at what might have happened, what you think was likely to have happened. You have to look at what happened. What happened was he was convicted under a statute that the mandatory minimum has changed. And that was not clear until the White decision issued. And the lack of clarity, as Judge Hamperson pointed out, is reflected in Judge Lambert's decision with the sentence that says Palmer faces no disparity between the mandatory minimum he was sentenced under and the one he would have faced if sessions two and three of the Sentencing Act were in effect today or in effect at the time. And that's just categorically wrong. If those sections were in effect at the time, he would be looking at 20 to life. And the proof that Judge Lambert was not aware of that is in that sentence. And for that reason, this case needs to be remanded. Is Judge Lambert able to consider the quantity and say, therefore, life without parole is the appropriate sentence? Of course he could. But in this record, we clearly see that he was making his decisions based on an error of law. And when a judge bases a decision on an error of law, it is almost virtually automatically an abuse of discretion. We can't say that he exercised discretion because he was under the misapprehension or the misimpression that the same mandatory minimum would have applied. Could it have applied if the 8.4 was used in the indictment instead of the 1500 grams? Yeah, it could have applied, but we don't know it. And we have to look at what he was convicted of. And that's why we have to remand it back for the reconsideration. And we do so knowing that there's a good chance that Judge Lambert might come to the same conclusion. But at least we know that if it's remanded back, he has to exercise his discretion. And we know that his discretion was not exercised here because he saw the same mandatory minimum applied. I think we also have to accept him at his word when he says he has declined to apply the 3553 factors. He was. And there was some reference to them that even if it was, he would come to the same conclusion. But he reached that conclusion assuming that the same mandatory minimum would have applied. And for that reason, it needs to be remanded. It needs to be remanded, otherwise it's completely inconsistent with white. Anything else? Well, just brief, just briefly, and that's this. I know if he bases a decision on a legal error, it's discretionary, but he made an alternative ruling. He said, he acknowledged, I could be wrong about that because he said, if I'm wrong, and he's eligible, I still would not reduce the sentence. I understand your point, Judge Henderson, but I think that's an overly generous reading of his comment that even if this court were to consider the 3553 factors, it's not the same as saying, I have considered them, and certainly there's no indication from the record here that he has considered all of them. And if anything, there's question about that. And for that reason, I think it needs to be remanded. I think you could probably find innumerable opinions of this court in which we say we don't have to reach this way, but if we were to reach it, here's what we would think or what we would say. We do that without, with some regularity. Doesn't mean we haven't done it. And even if I would, I would probably come to the same decision. It's not the same. And I don't think we, the record reflects that he has done that, in all fairness to him. There's no indication that he did. He didn't say he would probably come to that conclusion. No. He would reach. But I think, I think we also have to, I agree, he says, even if I were to consider the 3553 factors, I would come to the same. I believe the sentence is appropriate, but at the time he made that finding judge, he was under the error of law that this was still a mandatory life without parole. I can find in any of the sided opinions that would bear upon that give that substance is the passage in white about an anchoring effect. I think it's more than an anchoring effect here because it's, it's the impression based on when reading the context of the sentence that precedes it is that there is no mandatory minimum difference between what he did in 2000, whenever it was 20, and what would have happened in 1986 it's fundamentally flawed. It is. Isn't that pretty classic procedural error that appellate courts reverse. If the district court gets the mandatory minimum incorrect for example, you know, whenever there's a mandatory minimum courts are exercising their discretion, if they go above the mandatory minimum, when they sentence, but I had understood that it is classic procedural error if the court were to recite the wrong mandatory minimum prior to exercising their discretion, and that they couldn't necessarily save it by saying, well, you know, I don't know if the mandatory minimum is five years or 10 years but it doesn't matter, because I'm going to give this guy 20 years. In any event, because he's so terrible. My understanding is that even if the facts are such that the court is completely within its discretion to give the defendant 20 years as a procedural matter appellate courts require them to understand what the actual scope of their discretion is meaning what the actual mandatory minimum is and if they are inaccurate. If the court district court says the mandatory minimum in this case is 10 years, when it's really five. And I, and I'm going to give this guy 20 years. And perhaps even if the court were to say, it's so hard to figure out the mandatory minimum could be five could be 10. But, you know, in the alternative, regardless of what it is, I'm going to exercise my discretion and give him 20, even if it turns out it was, you know, five. That's still procedural error right from the standpoint of not having a correct assessment of what the actual mandatory minimum is. Yes. Categorically Yes, I agree with you. And I think the proof that that is what occurred here is in that sentence when he says there's no disparity between the mandatory minimum today, and what was applicable then. And I think that is end the case right there that's decisive that shows that he made the error. And so we can't say under that circumstances. Well, it's saved by an abusive discretion standard because no matter what the mandatory minimum is this guy should get life. Yes, I agree 100% seems to me that you. The hypothetical takes you further than you want to need to or probably should go. If the judge said, I could be five it could be 10 it's difficult to figure out, but it doesn't matter because I would give him 20 in any event. You don't need that. You don't need to say that that's insufficient. Right, because it's, you're saying is he didn't know that there might be any change at all. Well, he was, he was specifically saying he didn't think there was any change. He said there's no difference. Even further from the hypothetical you don't need to endorse that. Either way is quite illogical. I you know I don't know whether it's five or 10, it would be complicated to figure it out. So what's the point, since I'm going to give them 20 even if it's five. You don't need that. Well, whether we need it or not, I think, Judge, I think the hypothetical that the hypothetical was testing the proposition of whether or not the ability to use his discretion saves or keeps us from remanding based on an error of law about the calculation of the mandatory minimum. Right, yeah. There isn't an error of law in saying I don't know whether it's five or 10 but it doesn't matter. That's, that's just saying it's inefficient to go down that rabbit hole because I'm going to come out at 20, no matter what. I see. So if the hypothetical were it is actually five, everybody knows it's five, but the court says it's 10 or the vice or vice versa, it's 10 and the court says it's five. And then he says in the alternative, I'm going to give him 20, you know, I've calculated it as at five. That's absolutely erroneous, or vice versa, absolutely erroneous, but alternatively I'm exercising my discretion and I'm going to give him 20. We have a different result Mr. Mr Zucker or do we still remand because he has gotten the baseline wrong. As I understand that you have to remand if the statutory construction error that you know that's a fatal error. Even if you're not. Go ahead, Judge Ginsburg. What you're saying is to Zucker is even if the judge erred in thinking it was only five. When it was 10. He would, there's no logic to remanding that at all. Well, the hypotheticals are interesting but I think the issue before us is this case and here. That's where you are. I agree. And, but I think I think the hypotheticals exemplify the point, but the point is here, Judge Lambert was simply incorrect ruling that the same mandatory minimum applied. And because of that, as well as well as the other factors. This case needs to be remanded for him to exercise his discretion, may he come back the exact same way. That's a very good chance. But we need to have that happen before we say oh well that's what, you know, he's allowed to base his decision on an error of law. All right. If there are no more questions. Thank you gentlemen. Thank you. An outstanding job answering questions that you were literally peppered with. So, Adam clerk if you'll give us a
judges: Henderson, Jackson, Ginsburg